# EXHIBIT C

1/4/2017 4:04:45 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14562887
By: Nelson Cuero
Filed: 1/4/2017 3:26:46 PM

**2017-00545 / Court: 269**

CAUSE NO. _____

| | | |
|---|---|---|
| EDGAR DOMINGUEZ JR. | § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | HARRIS COUNTY, TEXAS |
| FREDDIE CAROL BAKER AND SHELTON TRANSPORTATION LINES, LLC | § § § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW EDGAR DOMINGUEZ JR., hereinafter referred to as Plaintiff, complaining of FREDDIE CAROL BAKER, hereinafter referred to as "FREDDIE" and SHELTON TRANSPORTATION LINES, LLC, hereinafter referred to as "SHELTON" and sometimes collectively referred to as Defendants, and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

I.

### DISCOVERY CONTROL PLAN

In accordance with Texas Rule of Civil Procedure 190.1, discovery in this case is intended to be conducted under Discovery Control Plan, Level 2.

II.

### PARTIES

Plaintiff, EDGAR DOMINGUEZ JR., with the last three digits of his driver's license being 248 and last three digits of social security number being XXX is a resident of Conroe, Montgomery County, Texas.

Defendant, FREDDIE CAROL BAKER, is an individual "doing business" in the State of Texas as defined by § 17.042 Texas Civil Practice and Remedies Code, whereby Defendant committed a tort (or torts) in whole or in part in this state. On information and belief, Defendant STONE does not have a registered agent for service of process, nor does he maintain a residence in the State of Texas. Accordingly, he is deemed to have appointed the Secretary of State of the State of Texas as his agent for service. Service may be had on this Defendant by serving the Secretary of State at:

>Secretary of State, Statutory Documents
>P.O. Box 12079
>Austin, Texas 78711-2079

for forwarding to his home address at:

>110 Polk Road 419
>Mena, AR 71953

At all times relevant to this instant suit, Defendant SHELTON TRANSPORTATION LINES, LLC ("SHELTON") was a foreign corporation "doing business" in the State of Texas, as defined by § 17.042 Texas Civil Practice and Remedies Code, whereby Defendant (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state; (2) commits a tort in whole or in part in this state; (3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state; or (4) by other acts that may constitute doing business. On information and belief, SHELTON does not have a registered agent for service of process. Accordingly, SHELTON is deemed to have

appointed the Secretary of State of the State of Texas as its agent for service. Service may be had on this Defendant by serving the Secretary of State at:

Secretary of State, Statutory Documents
P.O. Box 12079
Austin, Texas 78711-209

for forwarding to SHELTON's home office at:

P.O. BOX 17085
JONESBORO, AR 72403

III.

JURISDICTION AND VENUE

This Court has jurisdiction over this case because the case involves the law of the State of Texas, the Court has personal jurisdiction over the parties, and the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is proper in HARRIS County, Texas because the negligent acts and omissions made the basis of this suit occurred in HARRIS County.

IV.

AGENCY AND SCOPE

Whenever in this Petition it is alleged that Defendants did any act or thing, it is meant that Defendants' officers, agents, servants, employees or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendants or was done in the normal and routine course of employment of Defendants' officers, agents, servants, employees, or representatives.

Certified Document Number: 73300836 - Page 3 of 8

## V.

## FACTUAL ALLEGATIONS

On or about the 9th day of February 2015, at approximately 6:15 p.m., a car wreck occurred on Interstate Highway 45, in Montgomery County, Texas. On the occasion in question Plaintiff, EDGAR DOMINGUEZ JR., was traveling southbound on Interstate Highway 45 when, suddenly and without warning, a vehicle operated by Defendant, FREDDIE CAROL BAKER, failed to control speed and struck the rear of Plaintiff's vehicle causing the collision made the basis of this lawsuit. The collision caused serious injuries and damages to Plaintiff. The Plaintiff's injuries and damages complained of herein were directly and proximately caused by the above described incident.

## VI.

## NEGLIGENCE OF FREDDIE CAROL BAKER

Nothing Plaintiff did or failed to do in any manner caused or contributed to cause the occurrence in question. To the contrary, the collision and Plaintiff ensuing damages were directly and proximately caused by the negligence of Defendant. Defendant was negligent in one or more of the following particulars:

1. Failing to keep a proper lookout;

2. Driving his motor vehicle at an excessive rate of speed or traveling at a greater rate of speed than a person of ordinary prudence would under the same or similar circumstances;

3. Failing to maintain an assured clear distance between his vehicle and the vehicle in front of him;

4. In failing to swerve or otherwise maneuver so as to avoid the accident made the basis of this suit;

5. In failing to maintain proper control of the vehicle and to operate the vehicle in a reasonable and prudent manner;

6. In failing to properly or timely apply the brakes of the vehicle; and

7. Negligence, in failing to control the speed of his vehicle as necessary to avoid colliding with another person or vehicle according to the Texas Transportation Code §545.351.

Each of the foregoing acts and omissions, singularly or in any combination with others, constituted negligence and each was a direct and proximate cause of the occurrence made the basis of this suit and Plaintiff injuries and damages.

VII.

LIABILITY OF SHELTON TRANSPORTATION LINES, LLC

At all times material to this lawsuit Defendant FREDDIE was acting as an agent, servant, or employee of SHELTON and was in the furtherance of the business affairs of SHELTON.  As such, SHELTON is liable for the negligence of FREDDIE and therefore liable to Plaintiff for her injuries and damages that were directly and proximately caused by the negligence of FREDDIE  under the doctrine of *respondeat superior*.

VIII.

NEGLIGENT ENTRUSTMENT

On or about the 9th day of February 2015, at approximately 6:15 p.m., SHELTON was the owner of the vehicle operated by FREDDIE.  SHELTON entrusted the vehicle to FREDDIE, the reckless driver.  SHELTON knew, or through the exercise of reasonable care should have known FREDDIE was a reckless driver.  As described herein FREDDIE was negligent on the occasion in question.  FREDDIE 's negligence was the proximate cause of Plaintiff's damages.

IX.

## DAMAGES

By reason of Defendants' negligence Plaintiff has been damaged in terms of the usual elements recognized in law, including reasonable and necessary medical expenses, loss of earning capacity, physical pain and suffering, mental anguish, and physical impairment. Plaintiff has suffered damages for each of these elements in the past and will in reasonable probability sustain damages for each of these elements in the future. Plaintiff sues Defendants for the recovery of their just and legal damages in an amount in excess of the minimum jurisdictional limits of this court.

X.

## PRE-EXISTING CONDITIONS

Further, if it be shown that Plaintiff suffered from some pre-existing injury, disease and/or condition, then such was aggravated and exacerbated as a direct and proximate result of the occurrence made the basis of this suit.

XI.

## INTEREST

Plaintiff respectfully pleads for the recovery of prejudgment and post-judgment interest in the maximum rate allowed by law.

XII.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury and herewith tenders the required jury fee.

XIII.

## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendant to disclose within fifty (50) days of service of this request, the information and material described in Rule 194. Plaintiff further requests that the responding parties produce responsive documents at Gary S. Tucker & Associates in fifty (50) days of service of this request. This request for Disclosure was initially served on Defendants with Plaintiff's Original Petition.

XIV.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial hereof Plaintiff has judgment over and against Defendant for his just and legal damages in excess of the minimal limits of this court, for their costs of court incurred, for prejudgment and post-judgment interest at the maximum legal rate, and for such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled. Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

Respectfully submitted,

**GARY S. TUCKER & ASSOCIATES, P.C.**

_____
**BRIAN P. MESSINA**
SBN: 00795526
bmessina@garystucker.com
650 N. Sam Houston Pkwy. E., # 105
Houston, Texas 77060-5983
(281) 445-5777 - Telephone
(281) 445-5627 - Facsimile
**ATTORNEY FOR PLAINTIFF**



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   March 17, 2017

Certified Document Number:        73300836 Total Pages:  8

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**